Chen v. Garland

BIA
Wilson, IJ
A206 248 001

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty-two.**

PRESENT:
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

ZHIMING CHEN, AKA ZHI MING CHEN,
> *Petitioner,*

> v.                                        No. 20-1610
>                                           NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Doen Zheng, Brooklyn, NY.

**FOR RESPONDENT:**        Brian Boynton, Acting Assistant Attorney General; Nancy Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhiming Chen, a native and citizen of the People's Republic of China, seeks review of an April 21, 2020 decision of the BIA affirming a May 7, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiming Chen*, No. A206 248 001 (B.I.A. Apr. 21, 2020), *aff'g* No. A206 248 001 (Immig. Ct. N.Y. City May 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under the substantial evidence standard, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and

2

deem administrative findings of fact to be "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). In reaching a credibility determination, the IJ is free to consider, among other relevant factors, "the consistency between the applicant's or witness's written and oral statements," "the internal consistency of each such statement," and "the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's adverse credibility determination.

Chen alleged that he was arrested, beaten, and then detained for two years for attending an underground Christian church in China, and that after his release, the police to whom he was required to report beat him when he failed to make payments as demanded. In concluding that this claim was not credible, the agency reasonably relied on discrepancies in Chen's description of the events,

specifically as to whether he stopped reporting to the police in 2010 or 2013, and when and where he relocated within China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen testified that the discrepancies in his written statements were the result of a "mistake," Certified Admin. Record at 141, but the agency was not required to credit this testimony, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency was also entitled to consider the clear conflict in Chen's statements without first soliciting an explanation, especially since Chen submitted an addendum immediately before the hearing to correct other errors. *Id.* at 81.

The agency also reasonably relied on a contradiction between a letter from another member of Chen's church and Chen's own account of his arrest and detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The letter reflected that the police arrested the author and Chen twice in 2003 and detained Chen between 2003 and 2005. In contrast, Chen alleged that the arrests occurred in 2004 and that he was detained from 2004 until 2006. Chen subsequently filed a request to the IJ, seeking "to make [certain] amendments/corrections" to the letter so that the dates

would match up with his own account. Certified Admin. Record at 166. But the agency reasonably found Chen's modifications to the letter were not credible because he presented no evidence other than his own testimony that the author had approved them. Further, the IJ was justified in denying Chen's motion for a continuance in order to obtain an additional statement because Chen had more than three years to obtain supporting documents in preparation for the hearing. *See* 8 C.F.R. § 1003.29 (authorizing IJs to grant continuances "for good cause shown"); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (holding that "alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ"). Finally, the agency was not required to address Chen's remaining evidence – a State Department report, identification documents, documents related to his practice of Christianity in the United States, and a letter from his mother – because none of those items related to the timeline of events at issue. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (where the agency gives "reasoned consideration to the petition, and ma[kes] adequate findings," it is not required to "expressly parse or refute on the record each individual argument or piece of evidence" (internal quotation marks omitted)).

5

In short, the inconsistencies in Chen's statements provide substantial evidence for the agency's adverse credibility determination because they concern events central to Chen's claim. *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (citation and internal quotation marks omitted)). That determination is dispositive of Chen's requests for asylum, withholding of removal, and relief under CAT, as all three requests for relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court